UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES

   v.

IRA RUBIN,

  Defendant

S3 10 Cr. 336
12 CV 6748

## Government's Opposition to Defendant's Petition Pursuant To 28 U.S.C. § 2255

PREET BHARARA
United States Attorney for the
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

Arlo Devlin-Brown
Assistant United States Attorney
   *Of Counsel*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES<br><br>    v.<br><br>IRA RUBIN,<br><br>    Defendant | S3 10 Cr. 336<br>12 CV 6748 |

**Government's Opposition To Defendant's Petition Pursuant To 28 U.S.C. § 2255**

    The Government writes in opposition to the *pro se* petition filed by defendant Ira Rubin (the "defendant") seeking to vacate the sentence in this case pursuant to 28 USC § 2255. The petition alleges that the that the sentence should be vacated primarily due to the allegedly ineffective assistance of defense counsel, Richard Finkel. Specifically, the defendant argues that counsel was ineffective for allegedly (1) failing to argue mitigating factors at sentencing; (2) failing to argue that the Government had breached the plea agreement and; (3) failing to file a notice of appeal. Separately, the defendant argues that the Court abused its discretion and violated Rule 11 by failing to sentence the defendant to a sentence within the Guidelines range stipulated in the plea agreement. Each of the defendant's arguments can be summarily dismissed. Defense counsel in fact did each of the things the defendant claims were not done, including file a timely notice of appeal, and the sentence imposed by the Court was lawful.

**Background**

    The defendant pled guilty on January 17, 2012 to counts One, Eight and Nine of indictment S3 10 Cr. 336 (the "Indictment") pursuant to a plea agreement with the Government dated January 11, 2012 (the "Plea Agreement"). The Plea Agreement, attached hereto as Exhibit A, provided for a Stipulated Guidelines Range of 18 to 24 months' imprisonment, and further

provided that "[t]he parties agree that either party may seek a sentence outside of the Stipulated Guidelines Range, suggest that the Probation office consider a sentence outside of the Stipulated Guidelines Range, and suggest that the Court *sua sponte* consider a sentence outside the Stipulated Guidelines Range, based upon the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a)." Ex. A at 4.  The Plea Agreement further provided "that pursuant to U.S.S.G § 6B1.4(d), neither the Probation Office nor the Court is bound by the above Guidelines stipulation, either as to questions of fact or as to the determination of the proper Guidelines to apply to the facts.  In the event that the Probation Office or the Court contemplates . . . any sentence outside of the stipulated Guidelines range, the parties reserve the right to answer any inquiries and make all appropriate arguments concerning the same." *Id.* at  5.  The Plea Agreement also provided that "[i]t is understood that the sentence to be imposed upon the defendant is determined solely by the Court.  It is further understood that the Guidelines are not binding on the Court.  The defendant acknowledges that his entry of a guilty plea to the charged offenses authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence. . . .  Moreover, it is understood that the defendant will have no right to withdraw his plea of guilty should the sentence imposed by the Court be outside the Guidelines range set forth above." *Id.*

The defendant entered his plea of guilty on January 17, 2012 before United States Magistrate Judge Gabriel W. Gorenstein.  During the plea proceeding (a transcript of which is attached as Exhibit B), the defendant was advised of the maximum sentence of 55 years' imprisonment (Ex. B at 7), was informed that that the sentence "will be entirely up to the judge

2

who sentences you" (*Id.* at 8) and that even a sentence that "surprised or disappointed" the defendant would provide no basis for the defendant to withdraw his plea (*Id.* at 8-9).  The defendant was further advised that the guidelines range was "just one of many factors" the sentencing judge will consider in determining sentence, and that the sentencing judge had "the discretion to give you a sentence . . . up to the maximum sentence of imprisonment I told you about earlier." *Id.* at 10.  The defendant affirmed that he understood each of the above points. This Court accepted the defendant's plea of guilty on January 23, 2012.

On July 26, 2012 the Court sentenced the defendant principally to a term of 36 months' imprisonment (transcript attached as Exhibit C).  In advance of sentencing, the defendant submitted a 39 page sentencing memorandum dated July 11, 2012, supplemented by letters from friends and family, seeking a sentence as low as time served (approximately three months less than the Guidelines range, without accounting for "good time" credit).  The Government submitted a short sentencing letter dated July 24, 2012 arguing that a "significant sentence is warranted" and seeking the imposition of "a meaningful term of incarceration (which would include sentences within the Guidelines range)."  At sentencing, the Court considered the oral and written presentations of the parties, the PSR, and the section 3553(a) factors and ultimately concluded that a sentence of 36 months was appropriate considering all of the factors in 18 U.S.C. § 3553(a).

Judgment was entered on August 6, 2012.  Defense counsel filed a notice of appeal dated August 6, 2012, and with a certificate of service dated August 7, 2012 (Exhibit D, attached).  The notice of appeal is stamped "August 20, 2012" as the date filed.  *Id.*

**Applicable Law**

To prevail on a motion pursuant to 28 U.S.C. § 2255, a prisoner must demonstrate that either "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. *See United States v. Addonizio*, 442 U.S. 178, 185 (1979). The Supreme Court has held that "an error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice." *Addonizio*, 442 U.S. at 185 (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). Indeed, "to obtain collateral relief [under 28 U.S.C. § 2255] a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982).

To succeed in demonstrating ineffective assistance, a defendant must: (1) overcome a strong presumption that his counsel's conduct was reasonable and show that his counsel's performance fell below "an objective standard of reasonableness" under "prevailing professional norms," and (2) "affirmatively prove prejudice," that is, demonstrate that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687-88, 693-94 (1984). Only where both of these elements are satisfied can it be concluded that "counsel was not functioning as the 'counsel' guaranteed that defendant by the Sixth Amendment." Id. at 687. Additionally, "actions or omissions by counsel that might be considered sound trial strategy do not constitute ineffective assistance." *United*

4

*States v. Best*, 219 F.3d 192, 201 (2d Cir. 2000). *See also United States v. Gaskin*, 364 F.3d 438, 468 (2d Cir. 2004) ("As a rule, counsel's decision to . . . offer or object to evidence[] involves a strategic choice, which is 'virtually unchallengeable' if made after thorough investigation.").

**Analysis**

Based on these standards, the defendant's petition should be dismissed without a hearing as none of the defendant's claims have merit on their face.

1. <u>Defense Counsel Did Not Fail To Raise Mitigating Arguments At Sentencing</u>

First, the defendant's claim that counsel failed to bring various mitigating factors to the Court's attention at sentencing (such as the argument that the defendant committed prior offenses after being "abandoned by his family, young, and dealing with psychological issues as well as substance abuse") is belied by the record. The defense sentencing submission devoted 13 pages to describing the defendant's troubled background and medical history, and attached various letters – including by the defendant's parents – addressed to the same point. At sentencing, defense counsel argued that these very same factors warranted leniency. (Ex. C at 3-9).

As for the defendant's argument that defense counsel failed to object that three of the defendant's approximately 17 criminal convictions (which did not impact the Criminal History category) were inaccurate in some way, this too is belied by the record. The PSR reflects that defense counsel *did* provide the Probation Office with notice of the defendant's claims about certain convictions, and that this information was incorporated into paragraphs 84, 92, 94, 96, 104, 131, 133, 137, 139, 141, 143, 144, 145, 146, 149, 151, and footnote 1 of the PSR, which the Court reviewed in connection with sentencing. Indeed, the PSR includes Rubin's claim that a

5

1973 conviction of contempt was not accurate (parg. 83-84), that Rubin did not "recollect" a 1978 conviction for marijuana possession (parg. 95-96), and that he did not recollect "a weapon of any kind" being involved in a 1978 conviction for weapons possession involving the sale of t-shirts at a rock concert (parg 93-94).[1]  When at sentencing the Court questioned defense counsel's statement that Rubin's offenses were "all financial crimes" – pointing to convictions for robbery, burglary, and weapons possession –  defense counsel argued again that the defendant disputed the weapons conviction although conceding "[w]e can't prove" that the conviction was incorrect.  (Ex. C. at 12-13).

Indeed, the defendant's 2255 petition fails to identify any facts that defense counsel should have offered beyond those articulated to the Probation Office and Court in connection with sentencing.  The defendant's affidavit in connection with his section 2255 petition *acknowledges* that the defendant was in fact convicted of robbery and burglary as the Court observed at sentencing, and that, with respect to the weapons conviction "I explained to Counsel that I did not recall a weapon being involved but that it could not have been a dangerous weapon" – a weaker version of the claim articulated buy counsel at sentencing.  Thus the petition fails to allege material facts about the defendant's convictions not argued by defense counsel at sentencing.  Moreover, even assuming that defense counsel had additional information about the offense conduct in these cases (or could have obtained such information upon further investigation), there are sound strategic reasons why the defense would have wished to avoid

---

[1]   Indeed, defense counsel even submitted Rubin's account of arrests for which the defendant was not convicted.

focusing sentencing argument on the details of 17 prior convictions, a point which at minimum distracts from and at worst undermines the defense's broader claim that the defendant has accepted the errors of his past and is deserving of leniency.

Finally even assuming, arguendo, that defense counsel's argument regarding the defendant's prior convictions was "ineffective," the defendant cannot prove that "but for" this alleged failure the result would have been different.  The defendant had 17 criminal convictions and numerous other arrests, making it highly unlikely that, even if the Court disregarded the single weapons conviction, or any of the other early convictions for various minor offenses, the result would have been any different.   Indeed, the Court noted at sentencing that it was evidence that the defendant was an "unreformed con and fraudster" – a conclusion rooted in unchallenged federal and state fraud convictions, the judgment against the defendant by the FTC, and the defendant's flight to Costa Rica to evade the FTC action and engage in the charged conduct – that presented a "high likelihood of recidivism."  Ex. C at 23.

    2. <u>Defense Counsel Did Not Err In Failing To Argue That The Government Breached The Plea Agreement Because The Government Did No Such Thing</u>

The defendant's claim that that defense counsel was ineffective for failing to argue that the government breached the plea agreement fails on its face.  As set forth above, the Plea Agreement explicitly allowed both parties to argue for a sentence outside the Guidelines range based on the factors set forth under 18 U.S.C. § 3553(a), and the defendant himself argued for a non-Guidelines sentence of time served.  Accordingly, the Government could have, had it wished, argued for any sentence up to and including the statutory maximum.  The Government could not plausibly be accused of violating the Plea Agreement by arguing that while "a sentence

in [the Guideline range] would be one of the many sentences the Court has discretion to impose under 3553(a)" the appropriate exercise of this discretion could not be "confined to a particular range." Defense counsel cannot be faulted for failing to raise a frivolous argument.

    3. <u>A Notice Of Appeal Was Filed</u>

Defense counsel cannot be ineffective for failing to file a notice of appeal because the record demonstrates such a notice was timely filed. While there is a discrepancy between the date of the notice (August 6) and the date stamped on the notice as the filing date (August 20), even a notice submitted on the later date is timely given that the judgment was entered on August 6, 2012.

    4. <u>The Court Did Not Violate Rule 11(c) By Imposing A Sentence Above The Guidelines Range</u>

Finally, the defendant's sole argument unrelated to ineffective assistance – that the Court violated Rule 11(c) by sentencing the defendant above a Guidelines range stipulated to in the Plea Agreement – is also without merit. The Plea Agreement in this case was of the type described in Rule 11(c)(1)(B), in which the parties' agreement with respect to sentencing positions "does not bind the court." For plea agreements of this kind, the defendant must be advised that he cannot "withdraw the plea if the court does not follow the recommendation or request." Rule 11(c)(3)(B). In this case, the defendant was advised in connection with the plea colloquy that the Court was not bound to impose a sentence within the Stipulated Guidelines Range, could impose a sentence up to the statutory maximum of 55 years', and that the defendant would still be bound by the guilty the plea regardless. Accordingly, the claim that the Court

abused its discretion in sentencing the defendant above the Stipulated Guidelines Range is baseless.

\* \* \*

For all of these reasons, the Government respectfully requests that the defendant's petition be denied.


Dated: New York, New York
October 15, 2012

Respectfully submitted,

PREET BHARARA
United States Attorney for the
Southern District of New York


By: _____/s/_____
Arlo Devlin-Brown
Assistant United States Attorney
Tel.: 212-637-2506