UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
UNITED STATES OF AMERICA :
: **PRELIMINARY ORDER OF**
- v. - : **FORFEITURE AS TO**
: **SUBSTITUTE ASSETS**
IRA RUBIN, :
: S3 10 Cr. 336 (LAK)
:
Defendant. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about March 10, 2011, the defendant IRA RUBIN (the "Defendant"), along with others, was charged in a nine-count Superseding Indictment, S3 10 Cr. 336 (LAK) (the "Indictment") (Dkt. No. 20), with, among other charges, conspiracy to violate the Unlawful Internet Gambling Enforcement Act ("UIGEA"), in violation of Title 18, United States Code, Section 371 (Count One); conspiracy to commit bank and wire fraud, in violation of Title 18, United States Code, Section 1349 (Count Eight); and conspiracy to commit money laundering in violation of Title 18 United States code, Section 1956(h) (Count Nine);

WHEREAS, the Indictment included a forfeiture allegation seeking forfeiture pursuant to Title 18, United States Code, Section 982, of all property constituting, or derived from proceeds obtained, directly or indirectly, as a result of the offenses alleged in Counts Eight and Nine of the Indictment;

WHEREAS, the Indictment also included a substitute asset provision providing notice that if, as a result of the Defendant's actions or omissions, forfeitable property (i) cannot be located or obtained; (ii) has been transferred or sold to a third party person; (iii) has been placed beyond the jurisdiction of the Court; (iv) has been substantially diminished in value; or

1

(v) has been commingled with other property which cannot be subdivided without difficulty; then the United States will seek, pursuant to Title 21, United States Code, Section 853(p), the forfeiture of any other property of the Defendant;

WHEREAS, on or about January 17, 2012, the Defendant pled guilty to Counts One, Eight and Nine of the Indictment pursuant to a plea agreement with the Government wherein the Defendant admitted the forfeiture allegation of the Indictment and agreed to forfeit to the United States (i) an amount of funds representing the direct and indirect proceeds of the conduct charged in Count Eight of the Indictment and (ii) an amount of funds representing all property involved in the conduct charged in Count Nine of the Indictment;

WHEREAS, on or about July 26, 2012, the Defendant was sentenced and ordered to forfeit $5,000,000 in United States currency as well as assets from specified bank accounts;

WHEREAS, or about July 27, 2012, the Court entered a Preliminary Order of Forfeiture (the "Order of Forfeiture") (Dkt. No. 218) imposing a $5,000,000 money judgment against the Defendant (the "Money Judgment") and ordering forfeiture of all of Defendant's right, title and interest in assets contained in specified bank accounts (the "Specific Property");

WHEREAS, to date, a balance of $4,363,964 on the Money Judgment remains unpaid;

WHEREAS, as a result of acts and omissions of the Defendant, the Government, despite its exercise of due diligence, has been unable to locate or obtain the proceeds of the offense of the Defendant's conviction, with the exception of the Specific Property; and

WHEREAS, the Government has identified the following specific assets in which the Defendant has an ownership interest:

2

a. $143 in United States currency in the possession of the United States Marshals Service, representing disbursements made to the Defendant from November 16, 2016 through September 1, 2020 that was intercepted by the Treasury Offset Program; and

b. The portion of any and all future disbursements from the Government to the Defendant, including but not limited to income tax return refunds and Social Security payments, which may be intercepted by the Treasury Offset Program, up to the amount of the balance remaining on the Money Judgment.

(a. and b. together, the "Substitute Assets").

NOW IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1. All of the Defendant's right, title and interest in the Substitute Assets is hereby forfeited to the United States of America, for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853(n).

2. Upon entry of a Final Order of Forfeiture, the Substitute Assets shall be applied towards the Money Judgment entered against the Defendant.

3. Upon entry of this Preliminary Order of Forfeiture as to Substitute Assets, the United States Marshals Service (or its designee) is hereby authorized to take possession of the Substitute Assets and to keep them in its secure custody and control.

4. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture as to Substitute Assets and provide notice that any person, other than the defendant in this case, claiming an interest in the Substitute Assets must file a petition within sixty (60) days from the first day of publication

3

of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5. The notice referenced in the preceding paragraph shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Substitute Assets, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the Substitute Assets and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6. The United States may also, to the extent practicable, provide direct written notice to any person, other than the Defendant, known to have an alleged interest in the Substitute Assets, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Substitute Assets, pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

[THIS SPACE LEFT INTENTIONALLY BLANK]

8. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Substitute Assets, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Dated: New York, New York
2/7, 2023

SO ORDERED:

_____
HONORABLE LEWIS A. KAPLAN
UNITED STATES DISTRICT JUDGE

5